Mario Pittoni, J.
Motion for summary judgment dismissing the complaint in an action for personal injuries.
The plaintiff Frieda Hoth claims that she was injured on February 20, 1958, about 9:10 a.m., when she slipped and fell on an accumulation of snow and ice on a sidewalk maintained by the defendant at the intersection of Nassau Boulevard and Merrillon Boulevard, Garden City.
*1065 Before an action may be maintained for injuries resulting from the existence of snow and ice on a village sidewalk it must be shown that ‘ ‘ written notice * * * was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to * * * cause the snow or ice to be removed, or the place otherwise made reasonably safe.” (Village Law, § 341-a.) An allegation that such written notice was given must be contained in the complaint (Skelly v. Village of Port Chester, 6 A D 2d 717; Ebert v. Incorporated Vil. of Garden City, 21 Misc 2d 607).
The complaint herein does not contain an allegation of written notice to the Village Clerk. A bill of particulars served on or about November 18, 1958 does not claim that written notice was given, nor is such claim made in the second or further bill of particulars dated December 9, 1958.
In opposition to the motion plaintiffs’ attorney swears that the defendant’s attorney, on May 14, 1959, was furnished with a copy of a letter which the plaintiff William Hoth had allegedly mailed to the Village Clerk on February 18,1958. William Hoth swears that said letter was mailed in Brooklyn, New York, between 5:00 p.m. and 5:15 p.m. on February 18, 1958. But the plaintiff Frieda Hoth, on June 11, 1958, swore that she did not know whether anybody reported the condition of snow and ice before the accident happened.
The Village Clerk denies ever receiving a written notice regarding the existence of snow and ice at the place where the accident allegedly happened.
In addition to the fact that the complaint must be dismissed for failure to allege facts showing compliance with section 341-a of the Village Law, the failure of the plaintiffs to claim written notice in either of the bills of particulars, plus the failure of the plaintiffs to produce any evidence to show that the written notice allegedly given by the plaintiff William Hoth was actually received a reasonable time before the alleged accident, satisfies the court that no cause of action can be proven against the defendant. While it may be presumed that a letter duly mailed in the same city was received on the next day (Dulberg v. Equitable Life Assur. Soc., 277 N. Y. 17, 21), no presumption as to time of delivery exists where the sender and addressee do not reside in the same city. Here, the plaintiff William Hoth allegedly mailed the letter at or about 5:00 p.m. on February 18 in a street mailbox in Brooklyn, New York. Therefore, although there is a presumption that such letter, if mailed, was received in Garden City, New York, evidence is still lacking that a reasonable time existed after its actual receipt for the defendant to *1066 eliminate the dangerous condition before 9:10 a.m. on February 20,1958. Certainly it may not be presumed that a letter mailed in a Brooklyn, New York, letter box on February 18, 1958, about 5:00 p.m., reached the Village Clerk in Garden City, New York, early on February 19,1958 so that a question of fact would exist as to the failure of the defendant to correct the dangerous condition prior to 9 :10 a.m. on February 20, 1958.
Accordingly, since the plaintiffs have not alleged and cannot allege that written notice was given to the Village Clerk in sufficient time to put the village on notice and to correct the alleged dangerous condition within a reasonable time thereafter, the motion to dismiss the complaint and for summary judgment is granted. Settle order on notice.