ETTIE WOLF, Appellant, *v.* ASSOCIATES DISCOUNT CORPORATION et al., Respondents.

First Department, January 31, 1961

*Charles A. Cohen* of counsel (*Jerome A. Bauman* with him on the brief; *Levin, Rosmarin & Schwartz,* attorneys), for appellant.

*Samuel Schwartz* of counsel (*Rood & Schwartz,* attorneys), for Associates Discount Corporation, respondent.

*Burton Citak* for Wallace Prezant, respondent.

*Harry R. Schwartz* for Abraham Fisher, respondent.

*Per Curiam.* This action, based on gross negligence attributed to defendants which led to plaintiff's arrest in Florida in 1956, has been dismissed both because of a default in pleading and

because of failure to prosecute. The papers and exhibits in the record sufficiently suggest the existence prima facie of an actionable wrong.

The action was commenced in 1956 and on October 9, 1956, on motion of defendant Associates Discount, the court struck out certain paragraphs of the complaint with permission to serve an amended complaint within 10 days. The time to serve the amended pleading was extended by stipulation to August, 1957; it was not served then; and when an attempt was made in February, 1960 to serve the amended complaint it was returned. Thereupon plaintiff moved to be relieved from her default and all defendants cross-moved to dismiss the action for failure to prosecute.

We treat the issue on appeal essentially as one concerned with lack of prosecution rather than a pleading default. The paragraph stricken from the complaint in October, 1956 made no substantial change in the theory of action or of material facts concerning the defendants and the order could have rested on the first alternative set up in rule 103 of the Rules of Civil Practice, that when the matter was stricken out " the pleading will be deemed amended accordingly "; rather than the second alternative set up in the rule, of ordering " an amended pleading to be served ".

Indeed, the affidavit by the attorney for one of the defendants in opposition to plaintiff's motion to be relieved of the default stated in respect of the proposed amended complaint that " all the plaintiff did was delete a few paragraphs and the amended complaint could be typed in a few minutes ".

Since the proposed amended complaint merely eliminated matters which did not affect the main structure of the action against these defendants; and since at least one defendant stipulated to extend the time for service of the complaint for almost a year; and issue on the original complaint was interposed by other defendants without regard to Associates Discount's motion, the technical " default " in pleading is a relatively minor question in this appeal.

The main question is the failure of plaintiff's lawyers to do anything in the action from the Fall of 1956 when issue must be deemed to have been joined, to the Spring of 1960 when the motion and cross motion were made. In dealing with failure to prosecute an action, the personal or professional difficulties of lawyers for a party are germane to the inquiry.

During the period in which this action was pending, one of the members of the firm representing plaintiff, who had been ill, died (Jan., 1958). Another member of the firm was under

personal distress because of a serious illness of his wife who was hospitalized in 1959. This partner himself was thereafter hospitalized for hypertension and heart disease.

A member of the firm who had actively handled this case was ill in the Summer of 1957 and '' unable to carry my complete burden ''. In 1954 and 1955 before this action came in, two members of the firm had died and the resulting reorganization seemed to have caused some subsequent difficulties in the general management of business.

On the whole we think a sufficient showing has been made in justification of the delay in prosecution (*Travelers Ins. Co.* v. *Fink,* 6 A D 2d 681; *Greenberg* v. *Rosoff Realties,* 10 A D 2d 832; *Zeiger* v. *Kew Towers,* 8 A D 2d 827). We think, however, that the attorneys for plaintiff should pay costs (*Keenan* v. *Waring,* 12 A D 2d 601).

The order should be reversed on the law and the facts and in the exercise of discretion; the plaintiff's motion granted; and defendants' cross motions denied; with $250 costs to defendants payable by the attorneys for plaintiff.

BOTEIN, P. J., VALENTE, STEVENS, EAGER and BERGAN, JJ., concur.

Order, entered on June 21, 1960, denying plaintiff's motion to vacate a default in the timely service of an amended complaint and permitting the service thereof, and granting the cross motions of the defendants to dismiss the plaintiff's complaint for lack of prosecution, unanimously reversed, on the law and on the facts and in the exercise of discretion; the plaintiff's motion granted; and defendants' cross motions denied; with $250 costs to defendants payable by the attorneys for plaintiff.