Mario Pittoni, J.
Motion by defendant, Village of Hemp-stead, for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, is granted as to the third cause of action and denied as to the fourth cause of action.
The plaintiff alleges that she was injured on a sidewalk in the Village of Hempstead. She claims that the repairs were being made to the sidewalk, that these repairs were being made by defendant, Switzer Contracting Co., Inc., pursuant to a written contract with defendant, Long Island Lighting Company.
The third cause of action contains no allegation that the defendant, Village of Hempstead, received written notice of the defective condition complained of as required by section 341-a of the Village Law. (See Skelly v. Village of Port Chester, 6 A D 2d 717 [2d Dept.]; Hoth v. Incorporated Vil. of Garden City, 26 Misc 2d 1064.) It is, therefore, defective.
This statute does not apply where the municipality is an active tort-feasor and has created the situation (Boyle v. E. C. Holding Corp., 193 Misc. 204; Stoll v. Town of Greenburgh, 106 N. Y. S. 2d 458). Paragraphs “twenty-first” and “twenty-second ’ ’ allege the maintenance of a nuisance by the village. This is an affirmative act of negligence which section 341-a of the Village Law does not cover. Where the condition has been created by the municipality, notice would serve no useful purpose. The motion is denied as to the fourth cause of action and granted as to the third cause of action.