■ STATEN ISLAND SAVINGS BANK, Respondent, v. VERONICA CARNIVAL, Appellant, et al., Defendants.— In a real property mortgage foreclosure action, defendant Veronica Carnival appeals from a judgment of foreclosure and sale of the Supreme Court, Rockland County, dated October 28, 1971 and made after said court, by order dated September 27, 1971, granted plaintiff's motion for summary judgment as against said defendant and another defendant, after a hearing. Judgment dated October 28, 1971 and order dated September 27, 1971, reversed, on the law, without costs; plaintiff's motion for summary judgment denied; and judgment directed to be entered dismissing the complaint, without costs; all on condition that appellant pay all arrears (with interest thereon), to the time of entry of judgment dismissing the complaint, within 20 days after the entry of such judgment. The amount of arrears shall be settled at Special Term. Plaintiff bank claimed that appellant was in default with respect to her November 1, 1970 mortgage installment. The grace period expired on November 16, 1970. On November 17, 1970 the bank attorneys addressed a letter to appellant advising that the bank had elected to accelerate the mortgage and declare it in default and that the entire principal was then due. It is clear that appellant received this letter on November 18 or 19, 1970. On plaintiff's motion for summary judgment and the hearing thereon, plaintiff had the burden of establishing the preponderance of the competent and credible evidence that there had been a default. Plaintiff presented testimony as to the mail-intake procedure of its servicing agent, the Savings Bank of Rockland

County ("Rockland Savings"). The record discloses that Rockland Savings mail is delivered to a post office box. There, every morning, the head teller picks it up on her way to work. Upon delivery to Rockland Savings, it is then distributed. Plaintiff presented testimony from bank secretary Einstman that on November 20, 1970 a typing secretary delivered to him the envelope containing a check for appellant's November installment. Rockland Savings' executive vice president, Remmell, testified that on November 20, 1970 Einstman delivered the envelope to him. Plaintiff did not produce the head teller or the typing secretary. Thus, Einstman and Remmell had no personal knowledge of when the check was placed in the post office box. The only person who could have direct knowledge was the head teller. In the absence of direct-knowledge testimony, plaintiff relied on its four-link mail system, but only produced the last two, the less important links. Plaintiff's case was thus built upon conjecture as to the alleged default. Appellant presented evidence that the check was mailed Saturday, November 14, 1970 at 7:00 P.M. in New York City. Although there is no presumption as to time of delivery of inter-city mail (see *Hoth* v. *Incorporated Vil. of Garden City*, 26 Misc 2d 1064), appellant's evidence and plaintiff's failure to call the head teller and the typing secretary show that plaintiff's evidence was insufficient in law and that plaintiff did not establish by a preponderance of the credible and competent evidence that appellant had defaulted. Further, the competent evidence warrants the inference that the check arrived in Rockland Savings' post office box before plaintiff manifested its election to declare the mortgage in default and to accelerate it (see *446 West 44th St.* v. *Riverland Holding Corp.*, 267 App. Div. 135; *Dale Holding Corp.* v. *Dale Gardens*, 186 Misc. 940). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.