■ HELEN WILLIAMS et al., Respondents, v. JEWISH HOSPITAL OF BROOKLYN, Appellant.— In a negligence action to recover damages for personal injuries and loss of services, etc., defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated January 27, 1972, as, on plaintiffs' motion, (1) vacated a prior order dismissing the complaint for want of prosecution after service of a demand pursuant to CPLR 3216 (subd. [b]) and (2) conditionally denied defendant's motion to dismiss the complaint. Order modified by adding thereto a provision that the vacatur of the order dismissing the complaint and the conditional denial of defendant's motion to dismiss the complaint are conditioned upon plaintiffs' attorney, personally, paying $250 costs to defendant. As so modified, order affirmed insofar as appealed from, without costs. Said costs of $250 shall be paid within 20 days after entry of the order hereon. In our opinion, the decision at Special Term did not constitute an abuse of discretion (*Moran* v. *Rynar,* 39 A D 2d 718). However, in view of the neglect of plaintiffs' attorney in the prosecution of this action, we think it proper to require him, personally, to pay $250 costs to defendant (*Moran* v. *Rynar, supra*). Latham, Gulotta and Brennan, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the order insofar as appealed from and to deny plaintiffs' motion to vacate the order dismissing the complaint, with the following memorandum: I dissented in the *Moran* case, relied upon by the majority, and I must dissent in the instant appeal also. It seems to me that what we are doing here is giving plaintiffs a "third chance" to place their action on the calendar before it can be dismissed and this was never intended by the Legislature when it enacted CPLR

3216 (see *Cohn* v. *Borchard Affiliations*, 25 N Y 2d 237). The injury for which plaintiffs seek recovery was allegedly inflicted on June 4, 1963—more than nine years ago. I find it hard to believe that an action with merit would be permitted to stand virtually motionless for that long a period. The 45-day notice was served on April 30, 1970, but even this failed to move plaintiffs' counsel. In fact, defendant gave plaintiffs four months to file their note of issue but nothing happened. Finally, on September 1, 1970, defendant made its motion to dismiss under CPLR 3216. At first, defendant's motion was granted, but it was done so "without prejudice" to an application by plaintiffs to vacate the dismissal on "proper papers". In other words, plaintiffs had not even submitted an affidavit of merits. The excuse proffered by counsel was hardly justifiable (CPLR 3216, subd. [e]). It was the typical "illness and office burden" variety which too often is paraded before the courts. Despite all this, plaintiffs were eventually permitted to have the dismissal vacated. To me, that was an abuse of discretion. If CPLR 3216 is to have any meaning at all, a nine-year-old action like the one at bar must be dismissed when the sleeping party fails to respond to the 45-day notice.