Stanley P. Danzig, J.
The defendant moves to dismiss the complaint for delay in prosecution pursuant to CPLR 3216.
The defendant followed the 45-day demand procedure of CPLR 3216 and bases its motion on plaintiff’s failure to *983 comply therewith by filing a note of issue within 45 days. There has been a 30-month delay in prosecution since issue was joined and the action has not yet been placed upon the calendar.
The purpose of CPLR 3216 is to forgive all past delay, however long, if the note of issue is filed within 45 days after receipt by plaintiff of the demand to file. (Giancone v City of New York, 29 AD2d 756.)
The issue here is whether, under the circumstances of this case, the plaintiff lost the CPLR 3216 immunity from dismissal for general delay in prosecution because he failed to notice the case for trial within the 45-day period.
If the plaintiff lost his right to immunity from dismissal provided by CPLR 3216 (subd [b]), he is relegated to the guidelines of Sortino v Fisher (20 AD2d 25) and the length of delay in prosecution prior to service of the 45-day notice becomes a factor in determining the motion on the merits.
"The 45-day period in CPLR 3216(b) is not a statute of limitations and is therefore subject to the court’s broad and pervasive power to extend time under CPLR 2004”. (Jagel v Republic Ins. Co., NYLJ, Oct., 15, 1974, p 2, col 5.)
If the failure to file the note of issue after receipt of the 45-day notice is due to lack of diligence on the part of the plaintiff, delay prior to the notice may be considered. However, "It must be borne in mind, moreover, that dismissal is a harsh penalty imposed on a client for his lawyer’s failures; justified annoyance by the court at a lawyer’s procrastinations should not be vented on the litigant with a meritorious claim by closing the courts to him. If the action has merit, lesser penalties for delay are warranted.” (4 Weinstein-Korn-Miller, NY Civ Prac, par 3216.04, p 32-201.)
Furthermore, there is strong public policy which requires that actions be disposed of on the merits. (Moran v Rynar, 39 AD2d 718; Springer v Marangio, 38 AD2d 852.) "We have held that an attorney’s neglect * * * should not deprive his client of his day in court; and that it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect.” (Moran v Rynar, supra, p 719.) In both Urban v Maloney (40 AD2d 531) and Williams v Jewish Hosp. of Brooklyn (40 AD2d 532), the attorney’s fault in failing to respond to a 45-day notice was not condoned and $250 costs were imposed upon him personally; but in the *984 interests of justice, the plaintiff was given an opportunity to place his case upon the calendar.
Plaintiff’s attorney advises that eight days after its receipt, the 45-day notice was destroyed in his law office fire on the Saturday of June 29, 1974. The fire resulted in the burning of some files, and water and smoke damage so that normal office work could not be resumed for five weeks. Needless to say, this is a catastrophy dreaded by all attorneys.
"In dealing with the failure to prosecute an action, the personal or professional difficulties of lawyers for a party are germane to the inquiry.” (Wolf v Associates Discount Corp., 12 AD2d 241, 242; Zatorski v Klein, 11 AD2d 790. See, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3216, p 934, where it was pointed out that under local court rules relating to the filing of a statement of readiness, 45 days may prove too short a time.)
Where factors beyond the control of the party or his attorney result in a failure to make timely response to the 45-day notice, the party should have an opportunity to place the case on the calendar without the imposition of costs, or forfeiture of the CPLR 3216 right of immunity from dismissal for general delay.
Plaintiff’s affidavit indicates a meritorious cause arising from a falling elevator with ensuing injuries. The defendant does not show or claim prejudice that would result from a denial of the motion. The motion is granted unless plaintiff serves and files a note of issue within 20 days after service upon him of a copy of this order with notice of entry thereof.