■ VINCENT J. FIORLETTI, JR., et al., Respondents, v HENRY L. KAMIN, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Putnam County (Beisheim, J.), dated May 20, 1981, which denied his motion to dismiss the action pursuant to CPLR 3404, as abandoned, and pursuant to CPLR 3216 (subd [a]) for lack of prosecution, on condition that plaintiffs file a new statement of readiness and note of issue. Order reversed, on the law and in the exercise of discretion, with $50 costs and disbursements, and defendant's motion is granted. The instant case, commenced in 1970, has a long history of procrastination and delay. It was marked off the calendar on three or four separate occasions the last time being March 12, 1979. Thereafter, plaintiffs waited almost a year before moving to restore the case to the calendar. While "deeply concerned about the history of this case", Special Term (Dickinson, J.), exercised its discretion to grant the motion to restore by order dated April 2, 1980. Although the order did not provide any time limit for the filing of a new statement of readiness and note of issue, plaintiffs' attorney was admonished that "any subsequent failure to be ready to go forth shall be dealt with harshly." Despite this admonition, plaintiffs did nothing. By notice of motion dated April 8, 1981, defendant moved to dismiss the action under CPLR 3404 as abandoned and under CPLR 3216 (subd [a]) for failure to prosecute. Plaintiffs opposed and, by order dated May 20, 1981, Special Term denied the motion to dismiss. Defendant appeals. We reverse. Since the matter was marked off the calendar in March, 1979, plaintiffs have done absolutely nothing to move the case along. What efforts there were have been directed solely to avoiding dismissal. Nor do we accept the poor health of plaintiffs' counsel as a satisfactory excuse in this particular case. Counsel's serious ailments are not of recent origin, apparently dating back to at least 1971. It would have behooved a reasonable and diligent attorney under these circumstances to either remove himself from the case or obtain legal assistance. We find unpersuasive counsel's bald assertion that no such legal assistance could be obtained. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.