■ JONATHAN D. KANTROWITZ, as Administrator of the Estate of BUSTER M. WALKER, Also Known as RICHARD M. WALKER, Deceased, et al., Respondents, v STEVEN ADELSBERG et al., Appellants. — In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated January 14, 1981, which (1) granted plaintiff Kantrowitz' motion to direct defendants to appear for examinations before trial, and (2) denied their cross motion, to dismiss the action for failure to prosecute. Order reversed, on the law, with $50 costs and disbursements, motion denied, cross motion granted, and action dismissed. Plaintiffs' attorney served the summons in this action on December 19, 1973, but failed to serve the complaint until July 3, 1974, after he had received two demands for the complaint. A demand for a bill of particulars was served July 17, 1974. However, the bill was not served until July 31, 1975, more than one year after the demand, and after the 20 days allowed by a conditional preclusion order had expired. Defendants expressed their intention to honor the preclusion order. Indeed, on July 11, 1975, defendants had served a demand to resume prosecution and file a note of issue within 45 days. Some discovery was conducted, but plaintiffs' attorney essentially ignored the prosecution of this action until September, 1980, almost seven years after its commencement, when substituted counsel for plaintiff Kantrowitz moved for court-ordered examinations before trial and defendants cross-moved to dismiss for failure to prosecute. The court, in the order appealed from, granted the motion and denied the cross motion. We reverse. We believe that Special Term abused its discretion in excusing a consistent course of neglect as egregious as this (cf. *Barasch v Micucci*, 49 NY2d 594). Under these circumstances, the fact that defendants delayed making their motion to dismiss until substituted counsel undertook to resume prosecution of the action is of no moment. We consider it especially noteworthy that the plaintiff administrator, who is an attorney, made no effort to communicate with his original attorney, other than a few perfunctory inquiries, during the nearly seven years this matter was lying virtually dormant. Thus, although we are reluctant, in general, to dismiss an action, and thereby severely harm an innocent client solely because of his attorney's neglect (see *Williams v Jewish Hosp. of Brooklyn*, 40 AD2d 532; *Urban v Maloney*, 40 AD2d 531), we believe that the plaintiff administrator must share part of the blame here, particularly in light of the high standard of fiduciary duty required of an administrator (see *Matter of Rothko*, 43 NY2d 305). Accordingly, Special Term abused its discretion in denying defendants' cross motion to dismiss. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.