OPINION OF THE COURT
Lawrence E. Kahn, J.
In this mortgage foreclosure action, defendants seek dismissal of the complaint pursuant to CPLR 3211 (subd [a], pars 1, 5, 7). Plaintiffs cross-move for summary judgment upon their amended complaint.
The pertinent facts in this litigation are not in dispute. Leon Lapidus and Mary Lapidus jointly held mortgages on two parcels of property. The defendants in this action are the mortgagors. Mary Lapidus is deceased. On November 17,1981, Henry Lapidus and Alexander Lapidus were duly appointed as executors and trustees of her. estate. Pursuant to the mortgage sought to be foreclosed, an installment of principal and interest was due on October 1, 1981. This payment was not made by the mortgagors within the 15-day grace period set forth in the mortgage. A lis pendens, summons and complaint were served upon defendants in an action by Leon Lapidus to foreclose the mortgages. Service upon the defendants was made on or about December 2, 1981. Thereafter, on December 31, 1981, defendants tendered the full amount of the past due installment, which tender was rejected as untimely. On or about January 24,1982, the defendants deposited the past due installments with the Clerk of the Sullivan County Court. On January 26, 1982, the mortgage foreclosure action was *452 amended to join the estate of Mary Lapidus as a plaintiff in the action.
It has long been the settled law of this State that a mortgagee may accelerate the balance due and owing on a mortgage, where there has been a default in payment by communication of this election to the mortgagee. It has likewise been firmly established that the filing of a summons, complaint and notice of lis pendens constitutes a valid election to declare the principal of a mortgage due (Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472). However, tender of a late payment before a valid election to declare a mortgage in default and to accelerate, defeat this right of acceleration (Staten Is. Sav. Bank v Carnival, 39 AD2d 779, 780).
Counsel for plaintiffs acknowledge that neither the correspondence of November 20,1980, nor the correspondence of December 9,1981 constitute valid elections to accelerate the terms of the mortgage. The November 20, 1980 correspondence merely requests that future payments be made promptly. The December 9, 1981 correspondence is addressed to certain individuals who guaranteed payment on a collateral bond, and is not directed to the defendant mortgagors. Accordingly, they may not be used as a basis from which to determine that plaintiffs had exercised their right of acceleration.
In the case at bar, the determinative issue is whether the commencement of the foreclosure action and the filing of the lis pendens by only one of the mortgage holders is sufficient to constitute a valid election of the option to accelerate. In this regard, “[i]f a bond and mortgage are owned by two persons jointly, one alone cannot elect to exercise an option to accelerate.” (14 Carmody-Wait 2d, § 92.37; Cresco Realty Co. v Clark, 128 App Div 144.) Thus, prior to the amendment of this foreclosure action to include the second holder of the mortgage, i.e., the estate of Mary Lapidus, no valid exercise of the option to accelerate had occurred. Defendants tendered the full amount due on the October 1, 1981 mortgage payment, and thereby cured their default prior to the exercise of any valid election to accelerate.
*453 For the reasons hereinabove set forth, defendants’ motion for an order pursuant to CPLR 3211 (subd [a], par 1) shall be granted and the complaint dismissed.