■ KENNETH ELLIS, Respondent, v KRISHNE URS et al., Appellants.—In a medical malpractice action, the defendants Krishne Urs and Doctors Hospital of Staten Island appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 9, 1984, which denied their separate motions to dismiss the plaintiff's complaint for want of prosecution.

Order modified, on the law and facts, by deleting the provision thereof denying the motion of Doctors Hospital of Staten Island to dismiss the action as against it, and substituting therefor a provision granting its motion. As so modified, order affirmed, with one bill of costs payable by the plaintiff to the defendant Doctors Hospital of Staten Island.

On May 9, 1979, the plaintiff commenced this medical malpractice action against the Doctors Hospital of Staten Island (hereinafter the hospital) and Dr. Urs to recover damages for injuries resulting from an operation performed on May 14, 1977, for the purpose of treating the plaintiff's lacerated right hand. Issue was joined in 1979 and depositions were conducted in 1981. On January 16, 1984, after approximately two years of inactivity, the hospital served notice, pursuant to CPLR 3216 (b) (3), requiring the plaintiff to serve and file a note of issue within 90 days of receipt thereof. On February 29, 1984, the defendant Urs also served a 90-day notice. Both the defendants served the notice by certified mail upon the plaintiff's attorney of record at his designated or last known address. Due to the relocation of his office, the plaintiff's attorney did not receive the hospital's 90-day notice until April 3, 1984. Moreover, Dr. Urs' notice was not received by the plaintiff's attorney until on or about May 29, 1984. It is undisputed that the plaintiff never notified the defendants of a change in the name of the law firm representing him or a change in its address. Consequently, service of both 90-day notices was in accordance with CPLR 2103 (b) (2) (see, Chyry-

*waty v Chyrywaty,* 102 AD2d 1009; *Anthony v Schofield,* 265 App Div 423; *Quinn v City of New York,* 25 Misc 2d 116).

In response to the defendant hospital's motion to dismiss the action for want of prosecution, the plaintiff served a note of issue on August 22, 1984, over four months after receipt of the hospital's demand and 85 days after receipt of the doctor's demand. By notice of motion, also dated August 22, 1984, the defendant Dr. Urs moved to dismiss the action for want of prosecution.

At the plaintiff's request, the return date of the defendants' respective motions to dismiss the action was adjourned from August 30, 1984, until October 18, 1984. On the morning of the adjourned return date, the plaintiff served his adversaries with opposition papers that did not include an affidavit of merit by a medical expert. Both the defendants contended that the absence of such an affidavit mandated dismissal of the motion. After oral argument on October 18, 1984, the plaintiff served, without permission, an affidavit of merit dated October 22, 1984 by a physician, Dr. Paukman. In the order appealed from, dated November 9, 1984, Special Term denied the defendants' respective motions to dismiss, concluding that an affidavit from the plaintiff sufficed to demonstrate the merit of his claim.

It is clear from Special Term's memorandum decision that it refused to consider the affidavit of Dr. Paukman, which was submitted without permission by the plaintiff after the adjourned return date. No excuse was proffered by the plaintiff for the tardily served affidavit. Under the circumstances of this case, Special Term's refusal to consider the affidavit in opposition to the defendants' motions to dismiss was not an abuse of discretion *(see,* CPLR 2214 [c]; *Foitl v G.A.F. Corp.,* 64 NY2d 911; *Wallin v Wallin,* 34 AD2d 870). However, contrary to Special Term's construction of case law, expert medical opinion evidence was required to demonstrate merit because the plaintiff's medical malpractice claim is predicated upon matters not within the ordinary experience of laymen *(see, Fiore v Galang,* 64 NY2d 999; *Salch v Paratore,* 60 NY2d 851). In this case, neither the affidavit of the plaintiff, who does not allege to be a medical expert *(see, Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick,* 60 NY2d 689), nor the verified complaint sufficed to establish the merit of his claim *(see, Fiore v Galang, supra; Courell v Kurzner,* 118 AD2d 677).

Furthermore, the only excuse proffered by the plaintiff for failing to timely and properly serve and file a note of issue

within 90 days of receipt of the defendant hospital's demand and after over two years of inactivity, amounted to law office failure—i.e., a misplaced file due to an office move *(see, Watt v New York City Tr. Auth.,* 97 AD2d 466; *Miniotis v Dugan Bros.,* 40 AD2d 982; *Moshman v City of New York,* 3 AD2d 822),* a change in office personnel *(see, Evans v Kompinski,* 28 AD2d 635),* and nervousness and possible confusion of the plaintiff's counsel during a lawsuit between himself and another member of his family *(see, Fiorletti v Kamin,* 85 AD2d 620; *cf. Wolf v Associates Discount Corp.,* 12 AD2d 241).

Since the plaintiff did not timely submit an affidavit of merit by a medical expert and the only excuses proffered for the inordinate delay in prosecuting this action as against defendant hospital amounted to law office failure, Special Term erred, as a matter of law, in denying the hospital's motion to dismiss without condition *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904).

With respect to Dr. Urs' motion to dismiss, we note that nonreceipt of a legal document may excuse a party for failing to timely respond to said document, where the party is not otherwise aware of the paper's existence and contents *(see, Sport-O-Rama Health & Fitness Center v Centennial Leasing Corp.,* 100 AD2d 584, 585; *Vita v Heller,* 97 AD2d 464 [concurring mem, Gibbons, J.]; *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239; *Glass v Janbach Props.,* 73 AD2d 106; *Quinn v City of New York,* 25 Misc 2d 116, *supra).* The plaintiff's counsel's representation that he did not receive Dr. Urs' 90-day notice until on or about May 29, 1984, is supported by the fact the notice was concededly mailed to counsel's former address and a similar time period elapsed between the date of service and delivery of the hospital's notice, as evidenced by the hospital's affidavit of service and return receipt. We further note that Dr. Urs' notice was also served by certified mail, return receipt requested, and this defendant has failed to produce a return receipt to rebut the date of delivery of his 90-day notice upon the plaintiff's counsel. Accordingly, we find that the plaintiff's counsel did not receive Dr. Urs' demand until May 29, 1984, a date Dr. Urs does not controvert. Since the note of issue was concededly served and filed within 90 days of receipt of Dr. Urs' demand, the doctor's motion to dismiss the action as against him must be denied *(see, CPLR 3216 [c]).* Mollen, P. J., Lawrence, Kunzeman and Kooper, JJ., concur.