■ LENORE P. TRINCHERA, Respondent, v YONKERS GENERAL HOSPITAL, Appellant, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, the defendant Yonkers General Hospital appeals from an order of the Supreme Court, Westchester County (Palella, J.), dated September 3, 1986, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it on condition that the plaintiff's counsel pay $250 to it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Yonkers General Hospital, and the plaintiff's action against the remaining defendant is severed.

In this medical malpractice action, the defendant Yonkers General Hospital moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that it was impossible for the plaintiff to establish a prima facie case against it in light of a prior final order of preclusion entered March 19, 1986, which had been issued against the plaintiff on her default in submitting a bill of particulars. The Supreme Court denied the motion on condition that the plaintiff's counsel pay a $250 sanction to the appellant. We reverse.

The appellant was entitled to have its motion granted unconditionally. Having failed to move to vacate her default which resulted in a final order of preclusion, the plaintiff was bound by that order *(see, Centenni v St. Peter of Alcantara,* 99 AD2d 525, *lv denied* 63 NY2d 605). Moreover, the plaintiff failed to establish, at any point, the merits of her cause of action *(Canter v Mulnick,* 60 NY2d 689; *Amodeo v Radler,* 59 NY2d 1001). Since a medical malpractice claim is generally

predicated upon matters not within the ordinary experience of laymen, in such cases, an affidavit containing expert medical opinion is required to establish merit *(Fiore v Galang,* 64 NY2d 999; *Ellis v Urs,* 121 AD2d 361) and the verified complaint of the plaintiff, who did not claim any medical expertise, did not satisfy this obligation *(Ellis v Urs, supra).* We would also note that the excuse proffered for the default, a general reference to the alleged confusion surrounding the establishment of the Individual Assignment System, without more, is not one which we find to be reasonable. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.