■ MURIEL OLIVIER et al., Respondents, v ZOE ROSAL-ARCILLAS, Appellant, et al., Defendant. [614 NYS2d 246] —In an action to recover damages for medical malpractice, etc., the defendant Zoe Rosal-Arcillas appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 22, 1992, as denied her motion for summary judgment and granted the plaintiffs' cross motion to vacate so much of a prior order of the same court, dated March 16, 1992, as precluded the plaintiffs from offering evidence against her at trial.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiffs' cross motion is denied, the order dated March 16, 1992, is reinstated to the extent that it precluded the plaintiffs from offering evidence against the appellant, the appellant's motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted

against the appellant, and the action against the remaining defendant is severed.

It is well established that in order to avoid the impact of an order of preclusion, a plaintiff must establish an excusable default and the existence of a meritorious claim *(see, Price v Salvo,* 203 AD2d 349; *Becerril v Skate Way Roller Rink,* 184 AD2d 365). In a medical malpractice action, establishing a meritorious claim requires an affidavit of merit by a physician *(see, e.g., Fiore v Galang,* 64 NY2d 999; *Trinchera v Yonkers Gen. Hosp.,* 131 AD2d 841). The plaintiffs here failed to meet this requirement and therefore, the court erred in vacating the order of preclusion, which was issued upon the plaintiffs' default.

Since the order dated March 16, 1992, precluded the plaintiffs from offering virtually all evidence of the appellant's medical malpractice, the appellant's motion for summary judgment is granted. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.