■ HARRIET WEBER et al., Appellants, v ANSON KESSLER, Respondent. [638 NYS2d 144] —In an action to recover damages for dental malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Juidice, J.), entered May 13, 1994, which granted the defendant's motion pursuant to CPLR 3216 to dismiss their complaint for failure to prosecute and denied their cross motion, *inter alia,* for an extension of time to file a note of issue and certificate of readiness, and (2) a judgment of the same court, entered July 28, 1994, which is in favor of the defendant and against the plaintiffs dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered May 13, 1994, is vacated, the motion is denied, the complaint is reinstated, the cross motion is granted, and the plaintiffs' time to file a new note of issue and certificate of readiness is extended until 30 days after service upon them of a copy of this decision and order with notice of entry; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Pursuant to a preliminary conference order dated July 7, 1992, the plaintiffs were directed to file a note of issue and certificate of readiness on or before October 30, 1992. When they failed to do so, the defendant served them with a written demand pursuant to CPLR 3216, dated September 29, 1993, to serve and file a note of issue within 90 days. On November 24, 1993, the defendant moved to dismiss the action for failure to prosecute. The Supreme Court granted the defendant's motion and dismissed the complaint. We reverse.

Since the defendant's motion to dismiss was served before the expiration of the 90-day period, the Supreme Court lacked jurisdiction to entertain the motion *(see, Divjak v New York Hosp.-Cornell Med. Ctr.,* 219 AD2d 695; *Lyons v Butler,* 134 AD2d 576; *Genovese v Kogel Materials Corp.,* 61 AD2d 820). Any motion to dismiss the complaint for the plaintiffs' general delay in prosecuting the action must be preceded by a written demand to file a note of issue pursuant to CPLR 3216 *(see, Chase v Scavuzzo,* 87 NY2d 228), and the defendant must then await the expiration of the 90-day period before moving to dismiss on this ground *(see,* CPLR 3216 [b]).

The plaintiffs' cross motion for an extension of time to file the note of issue and certificate of readiness should have been granted *(see,* CPLR 2004). Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.