■ INDEMNITY INSURANCE COMPANY, Plaintiff, v JENNIFER P. LAMENDOLA et al., Defendants. (Action No. 1.) JAMES WOO, Appellant, v JENNIFER P. LAMENDOLA, Respondent. (Action No. 2.) [690 NYS2d 659] —In related actions to recover damages for

injury to property (Action No. 1) and personal injuries (Action No. 2), respectively, James Woo, a defendant in Action No. 1 and the plaintiff in Action No. 2, appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 7, 1997, which, *inter alia,* granted the motion of Jennifer P. Lamendola, a defendant in both actions, to consolidate the actions to the extent of directing a joint trial of the actions and transferring Action No. 2 to Nassau County, and (2) an order of the same court, entered April 8, 1998, which granted the motion of Jennifer P. Lamendola pursuant to CPLR 3216 to dismiss the complaint in Action No. 2 for failure to prosecute.

Ordered that the order entered November 7, 1997, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered April 8, 1998, is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint in Action No. 2 is reinstated.

Following a multiple-car collision, Indemnity Insurance Company commenced a subrogation action in Nassau County to recover damages for injury to property, against, among others, the appellant and the respondent. The appellant subsequently commenced an action to recover damages for personal injuries against the respondent in New York County. Contrary to the appellant's contention, the Supreme Court acted properly in directing a joint trial of the actions and in transferring Action No. 2 to Nassau County (*see, Gomez v Jersey Coast Egg Producers,* 186 AD2d 629; *Strasser v Neuringer,* 137 AD2d 750).

However, the court erred in dismissing the complaint in Action No. 2. It is undisputed that on or about December 1, 1997, the respondent sent the appellant a 90-day demand pursuant to CPLR 3216 to resume prosecution of Action No. 2. The demand was sent by certified mail, return receipt requested, to a post office box in New York County designated by the appellant, who appeared *pro se,* as his address for service. By notice of motion dated March 9, 1998, the respondent moved to dismiss the complaint in Action No. 2, contending that the certified mail demand had been delivered to the post office on December 6, 1997, that the appellant therefore was required to serve and file a note of issue no later than March 6, 1998, and that the appellant failed to comply with the demand within this 90-day period (*see,* CPLR 3216 [b] [3]). In opposition to the motion, the appellant submitted a United States Postal Service receipt indicating that while the demand had been delivered to the post office on December 6, 1997, he did not pick up the

demand and sign for it at the post office window until December 16, 1997. Hence, the appellant maintained that the 90-day period did not commence running until his actual receipt of the demand on December 16, 1997, and that his service and filing of a note of issue and certificate of readiness on March 16, 1998, was therefore timely. The appellant is correct.

It is well settled that, pursuant to CPLR 3216 (b) (3), the prescribed 90-day period for complying with the demand is measured from the "receipt of such demand" rather than the more commonly applicable date of service (*see, Public Serv. Mut. Ins. Co. v Zucker,* 225 AD2d 308; *Juracka v Ferrara,* 137 AD2d 921; *Ellis v Urs,* 121 AD2d 361). Since the 90-day period runs from the date of actual receipt (*see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.07), the appellant's service and filing of the note of issue within 90 days after his actual receipt of the demand on December 16, 1997, was timely.

Contrary to the position taken by the Supreme Court and by our dissenting colleague, there is no difference in the treatment of certified mail, return receipt requested, when addressed to a post office box rather than a street address. As indicated on Postal Service Form 3849, which is applicable to both post office boxes and street addresses, if the named recipient is unavailable to receive the item when delivery is attempted at the specified mailing address, Form 3849 is left at the address. The addressee may then elect either to go to the local post office and pick up the letter or have it redelivered. The same procedure is followed regardless of whether the certified letter is sent to a post office box or a street address. In either case, the letter is not "received" for purposes of CPLR 3216 (b) (3) until the addressee comes into actual physical possession of it. Accordingly, the possibility that an addressee can intentionally manipulate the date of receipt of the certified letter merely by delaying in picking it up is present in either situation.

Our dissenting colleague urges that a contrary interpretation of the statute would be more in keeping with the intent underlying CPLR 3216 to timely dispose of actions. While we share this concern for the prompt resolution of cases and believe that the dissent sets forth a plausible argument in favor of a legislative amendment to measure the prescribed period from the date of service, the statute as presently written requires that the 90-day period run from the date of "receipt". Until such time as the Legislature sees fit to make such a change, the date of receipt must be deemed controlling. Accordingly, the appellant complied with the 90-day demand in this

case, and the motion to dismiss the complaint for failure to prosecute should have been denied. Sullivan, Friedmann and Luciano, JJ., concur.

S. Miller, J. P., concurs in part and dissents in part, and votes to affirm both orders with the following memorandum: I do not agree with the conclusion of my colleagues that the appellant timely responded to the 90-day notice served upon him by the respondent. Thus, I would affirm the order entered April 8, 1998, which dismissed the appellant's complaint in Action No. 2.

These actions were instituted in the wake of an automobile accident in Manhattan. The first action was commenced in Nassau County against the owners and operators of the involved vehicles, by the insurer of the owner of a building that sustained damage as a result of the collision. Various other actions were commenced, including the so-called "Action No. 2" brought by the appellant, *pro se*, in New York County, against the respondent, whom the appellant faults for the accident. By order entered November 7, 1997, Action No. 2 was transferred to the Supreme Court, Nassau County, for joint trial with Action No. 1.

On the summons and complaint commencing his action, the appellant designated his address as a post office box number in Manhattan. When the appellant permitted the prosecution of his suit to lapse, the respondent served a 90-day demand pursuant to CPLR 3216 on the appellant at his designated post office box address. The demand, sent December 1, 1997, via certified mail, return receipt requested, was received at the post office at which the appellant's box was located on December 6, 1997. The appellant, however, did not pick up his mail, including the respondent's 90-day demand, until December 16, 1997. The appellant served a note of issue on March 16, 1998.

The respondent moved to dismiss the appellant's complaint, arguing that the filing of the note of issue on March 16, 1998, 100 days after receipt of the 90-day demand on December 6, 1997, was untimely. The appellant, on the other hand, measured his service from December 16, 1997, the date which he physically received the 90-day demand, and argued that his note of issue was timely served. By order entered April 8, 1998, the Supreme Court granted the respondent's motion, reasoning that the 90 days within which a note of issue must be served and filed is measured from receipt, but that receipt "is not when the [appellant] chooses to pick it up, [but] is when it is received at the place that he designates as his address for service in this litigation". I cannot fault this conclusion.

The majority and I agree that insofar as a 90-day demand is concerned, the time to comply therewith is measured from the date the demand is received (*see, Public Serv. Mut. Ins. Co. v Zucker,* 225 AD2d 308; *Juracka v Ferrara,* 137 AD2d 921; *Ellis v Urs,* 121 AD2d 361). We part company, however, in our definition of "receipt" where, as here, a post office box is chosen by a party as the place of receipt. The majority cites no authority directly on point and indeed it appears that none exists. Nevertheless, because I find that the majority's conclusion arbitrarily undermines the very purpose of a 90-day demand, i.e., to move along a languishing action, I cannot agree that "receipt" should be measured from the date the appellant finally got around to retrieving his mail.

CPLR 3216, entitled "Want of prosecution", expressly applies to situations where a party "unreasonably neglects to proceed" in a pending action. To this end, a party resisting a motion to dismiss for want of prosecution must demonstrate a reasonable excuse for its delay and a meritorious case (*see, Allone v University Hosp.,* 249 AD2d 430). Given the obvious purpose of the statute to move cases along, and a requirement that delays be reasonable to be excused, I find the majority's view crediting the appellant's argument to be incongruous with the purpose of the statute.

The appellant chose to designate his postal box as the place where mail related to this action would be sent. Had he chosen to receive mail at his home, presumably he would have physically received the notice on December 6. That he opted to utilize an intermediary mail drop should not inure to his benefit when the purpose of the very item of mail he unilaterally delayed receiving was to compel his resumption of the prosecution of his dormant suit. Assuming that the appellant had not used a postal box but had instead received the demand at his home on December 6, but he failed to remove it from his home mailbox or mislaid it or otherwise failed to open it for 10 days, it is unlikely that the majority would excuse such omission by concluding that the demand had not been received on the date it was delivered to the appellant's possession. The result is no different here. That the appellant chose to utilize the services of an agent for purposes of receiving his mail is a matter within his discretion. Nevertheless, delays directly attributable to his volitional arrangement must be charged against him.

The majority finds my objections plausible, but suggests that it is up to the Legislature to amend CPLR 3216 to measure the prescribed period from the date of service. In so doing, the majority implies that my proposed disposition is contrary to

legislative intent. My proposed disposition is not, however, either directly or implicitly in conflict with the statute, which simply does not address the question before us, i.e., whether certified mail is "received" when delivered to a post office box designated by the addressee for receipt of mail or by the addressee when he chooses to retrieve it. The Legislature probably never anticipated the scenario before us. The statute merely provides that the response to a 90-day notice is measured from receipt. Nor is there any authority, statutory or case law, which holds that receipt must be construed to mean the date that a post office box holder is sufficiently motivated to pick up his mail, regardless of how long before it may have actually been delivered to the postal box.

Despite the absence of direct authority, *Matter of Wager v New York State Bd. of Elections* (59 AD2d 729, *affd* 42 NY2d 1100) illustrates the point. In that election law matter, service of the initiatory order to show cause was made by certified mail, but one respondent was not home to receive delivery. A postal notice advised him of the attempted delivery and that he could retrieve his mail from the post office. Because of the lateness of the hour, the post office was closed and thus the respondent was unable to pick up this item until the next business day, which was after the time permitted for service of the order to show cause. In denying the respondent's motion to dismiss the matter for improper service, this Court held that because the respondent's service problems were beyond the control of the petitioner, the service made was acceptable. So too, in this case, the appellant was served with the 90-day demand when it was received by his agent (*see, Staten Is. Sav. Bank v Carnival,* 39 AD2d 779). That he chose to delay the actual physical collection of his mail was a matter solely within his control. This delay was not the fault of the respondent and should not inure to the appellant's benefit so as to indefinitely and unilaterally toll the running of the time in which he was obligated to respond to the respondent's demand.