■ ANGELA P. MURDOCCA, Individually and as Administrator of the Estate of ANTONIO MURDOCCA, Deceased, Appellant, v VICTORY MEMORIAL HOSPITAL et al., Respondents, et al., Defendants. [697 NYS2d 304] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated August 18, 1998, which granted the motions of the defendants Victory Memorial Hospital, Ramon Cabanas, and Pritpal Kang to dismiss the complaint pursuant to CPLR 3216 insofar as asserted against them, and that branch of the separate motion of Dai S. Choe which was to dismiss the complaint pursuant to CPLR 3216 insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions of the defendants Victory Memorial Hospital, Ramon Cabanas, and Pritpal Kang, and that branch of the motion of the defendant Dai S. Choe which was to dismiss the complaint pursuant to CPLR 3216, are denied.

The court improperly dismissed the plaintiff's complaint pursuant to CPLR 3216. That rule states that a plaintiff is required "to serve and file a note of issue within ninety days *after receipt of [a] demand*" (CPLR 3216 [b] [3] [emphasis added]). In his affirmation in opposition to the respondents' respective motions, the plaintiff's attorney stated that he received a 90-day demand on April 3, 1998. Nothing in the record contradicts this. Thus, the plaintiff had until July 2, 1998, to serve and file a note of issue. She did so on July 1, 1998. Therefore, she timely filed the note of issue in response to the 90-day demand, and the court was required to deny the motions to dismiss the complaint (*see,* CPLR 3216 [c]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 ["So long as plaintiff serves and files a note of issue within the 90-day period, all past delay is absolved and the court is then without authority to dismiss the action"]).

The respondents' additional argument for affirmance is without merit. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.