■ 176-60 UNION TURNPIKE, INC., Respondent, v EDWARD J. KLINGER et al., Appellants. [725 NYS2d 899] —In an action to recover damages for breach of a commercial lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated June 22, 2000, as denied their cross motion to dismiss the complaint for want of prosecution or, in the alternative, to vacate the note of issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

The period within which to comply with a 90-day demand to resume prosecution is measured from the date of receipt of the demand, rather than from the date of service (*see,* CPLR 3216 [b] [3]; *Indemnity Ins. Co. v Lamendola,* 261 AD2d 580; *Public Serv. Mut. Ins. Co. v Zucker,* 225 AD2d 308; *Juracka v Fer-*

*rara,* 137 AD2d 921). The plaintiff's attorney affirmed that he did not receive the 90-day demand, which was sent by certified mail, until he signed for it at the post office on March 20, 1999, and that he filed the note of issue within 90 days of that date. The defendants failed to contradict this evidence. Therefore, the Supreme Court properly denied that branch of the cross motion which was to dismiss the complaint for want of prosecution (*see,* CPLR 3216 [c]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499; *Murdocca v Victory Mem. Hosp.,* 265 AD2d 537). Moreover, the defendants did not seek to vacate the note of issue until almost one year after it was filed, and that branch of the cross motion was not made upon "good cause shown" (22 NYCRR 202.21 [e]). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.