In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J), dated February 3, 2003, which, in effect, denied his motion pursuant to CPLR 3216 to dismiss the complaint for failure to file a note of issue.
*571 Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether proper service was effectuated, and for a de novo determination of the motion.
The defendant moved to dismiss the complaint on the ground that the plaintiff failed to file a note of issue in response to a 90-day demand pursuant to CPLR 3216 (b) (3). However, it is well settled that the 90-day period runs from the date of actual receipt of the demand by the plaintiff or by some person authorized to receive such demand by the plaintiff (see 176-60 Union Turnpike v Klinger, 284 AD2d 380 [2001]; Ponce v Ricupero, 282 AD2d 589 [2001]; Indemnity Ins. Co. v Lamendola, 261 AD2d 580, 582 [1999]). Here, the plaintiffs opposition papers were sufficient to raise an issue of fact as to whether the defendant’s 90-day demand was received by the plaintiff or anyone acting on his behalf. Florio, J.P, Krausman, Luciano, Townes and Rivera, JJ., concur.