■ MIGDALINA VASQUEZ, Respondent, v CITY OF NEW YORK, Defendant, and JAMES ZACHARAKOS et al., Appellants. [774 NYS2d 728]—

In an action to recover damages for personal injuries, the defendants James Zacharakos and Chris Varveris appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 2, 2003, as, in effect, denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to file a note of issue.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellants moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to file a note of issue in response to a 90-day demand pursuant to CPLR 3216 (b) (3). However, the 90-day period runs from the date of actual receipt of the demand by the plaintiff or by some person authorized to receive such demand by the plaintiff, rather than from the date of service (*see Kun Tiam Seow v Yu Dan Li,* 1 AD3d 570 [2003]; *176-60 Union Turnpike v Klinger,* 284 AD2d 380 [2001]; *Ponce v Ricupero,* 282 AD2d 589 [2001]; *Indemnity Ins. Co. v Lamendola,* 261 AD2d 580, 582 [1999]). The appellants failed to establish that the plaintiff or anyone acting on her behalf received the 90-day demand. Accordingly, the Supreme Court properly denied the appellants' motion to dismiss (*see Roth v Black Star Publ. Co.,* 302 AD2d 442 [2003]; *Weber v Kessler,* 224 AD2d 520 [1996]; *Divjak v New York Hosp.- Cornell Med. Ctr.,* 219 AD2d 695 [1995]). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.