Kurbonov v Cohen (2026 NY Slip Op 01044)

Kurbonov v Cohen

2026 NY Slip Op 01044

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08592
 (Index No. 515483/19)

[*1]Sardor Kurbonov, et al., appellants,
vMarlene E. Cohen, et al., defendants third-party plaintiffs-respondents; Dilshod K. Isakov, third-party defendant-respondent.

William Pager, Brooklyn, NY, for appellants.
James F. Butler & Associates, Jericho, NY (Nancy S. Goodman of counsel), for defendants third-party plaintiffs-respondents.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 8, 2024. The order, insofar as appealed from, granted those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were pursuant to CPLR 3216 to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were pursuant to CPLR 3216 to dismiss the complaint are denied.
The plaintiffs allegedly were injured as passengers in a vehicle owned and operated by the third-party defendant, Dilshod K. Isakov, when it collided with a vehicle operated by the defendant third-party plaintiff Marlene E. Cohen and owned by the defendant third-party plaintiff N. Ikey Cohen (hereinafter together the Cohens). In July 2019, the plaintiffs commenced this action against the Cohens to recover damages for personal injuries. The Cohens joined issue and commenced a third-party action against Isakov for contribution and indemnification.
In March 2022, the Supreme Court granted the plaintiffs' counsel's motion to be relieved as counsel for the plaintiffs, and stayed the action for a period of time in order to afford the plaintiffs an opportunity to retain new counsel.
In August 2023, more than a year after the expiration of the stay, the Cohens moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In support of the motion, the Cohens submitted evidence that in August 2022 they mailed 90-day demands pursuant to CPLR 3216(b)(3) to the plaintiffs, who were then pro se, by certified mail. The Cohens also [*2]submitted evidence, however, that the mailings were returned to them. The United States Postal Service tracking history submitted by the Cohens indicated that one delivery was attempted and that five days later a reminder was sent to schedule redelivery before the mailings were returned to the sender.
In October 2023, Isakov also moved, among other things, pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In support of the motion, Isakov relied upon the evidence submitted by the Cohens and also submitted, inter alia, an attorney's affirmation stating that "a similar demand" to the 90-day notices sent by the Cohens had been made by Isakov.
The plaintiffs obtained new counsel and opposed the motions, contending, among other things, that dismissal pursuant to CPLR 3216 was unavailable because the 90-day notices were never delivered to the plaintiffs. In an order dated May 8, 2024, the Supreme Court, inter alia, granted those branches of the separate motions of the Cohens and Isakov which were pursuant to CPLR 3216 to dismiss the complaint. The plaintiffs appeal.
CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written demand requiring the plaintiff "to resume prosecution of the action and to serve and file a note of issue within [90] days after receipt of such demand" (CPLR 3216[b][3]). "Notably, the time within which the plaintiff must act runs from the receipt, and not the service of the demand" (Bank of Am. v Guillaume, 169 AD3d 625, 626; see Vasquez v City of New York, 5 AD3d 672, 672; Kun Tiam Seow v Yu Dan Li, 1 AD3d 570, 571). Here, in support of their motion, the Cohens submitted proof that the 90-day demands were not received by the plaintiffs. Accordingly, the Supreme Court should not have granted that branch of the Cohens' motion which was pursuant to CPLR 3216 to dismiss the complaint (see Bank of Am. v Guillaume, 169 AD3d at 627; Vasquez v City of New York, 5 AD3d at 672; Kun Tiam Seow v Yu Dan Li, 1 AD3d at 571). Moreover, since Isakov relied upon the same evidence and failed to submit evidence establishing that subsequent 90-day notices were served on the plaintiffs (see Bank of Am. v Guillaume, 169 AD3d at 627), the court should have denied that branch of his motion which was pursuant to CPLR 3216 to dismiss the complaint.
In light of our determination we need not reach the plaintiffs' remaining contentions. The remaining contentions of the Cohens and Isakov are not properly before this Court.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court