■ NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of RICHARD UDLAND, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [814 NYS2d 687]—

In an action to recover no-fault medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated February 7, 2005, as denied that branch of their motion which was for summary judgment on their second cause of action to recover payments for medical services rendered by the plaintiff New York and Presbyterian Hospital, as assignee of Cindy Garone. Justice Crane has been substituted for former Justice Cozier (see 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, as the proponent of the summary judgment motion, had the initial burden of showing their prima facie entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]). The plaintiffs failed to submit a proper affidavit of service to establish as a matter of law that the subject hospital bill was mailed and received by the defendant.

Generally, "proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (Matter of Rodriguez v Wing, 251 AD2d 335, 336 [1998] [internal quotation marks omitted]). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]). Here, no presumption of mailing was created because the affidavit of the plaintiffs' billing service representative did not state that he actually mailed the particular claim alleged in the second cause of action to the defendant Allstate Insurance Company (hereinafter Allstate) or describe his office's practice and procedure for

mailing no-fault claims to insurers (*see Hospital for Joint Diseases v Nationwide Mut. Ins. Co.,* 284 AD2d 374, 375 [2001]).

Contrary to the plaintiffs' contentions, the certified mail receipt and the United States Postal Service "Track and Confirm" printout do not prove that the particular claim alleged in the second cause of action was actually received where, as here, there is no evidence that this claim was mailed to Allstate under that certified mail receipt number and no signed certified mail return receipt card has been produced (*cf. Matter of State Farm Mut. Auto. Ins. Co. [Kankam],* 3 AD3d 418, 419 [2004]). The plaintiffs' submissions were insufficient to raise a presumption that Allstate received the claim (*see Nassau Ins. Co. v Murray,* 46 NY2d 828 [1978]).

Accordingly, it is unnecessary to consider the sufficiency of Allstate's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). Schmidt, J.P., Crane, Rivera and Fisher, JJ., concur.