OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order entered December 16, 2005 vacated, plaintiffs cross motion for summary judgment denied, defendant’s motion for summary judgment granted to the extent of awarding it partial summary judgment dismissing plaintiffs claims in the amounts of $1,280.30 and $1,017, and matter remanded to the court below for all further proceedings.
Plaintiff commenced this action to recover $3,024.05 in first-party no-fault benefits for medical supplies provided to its assignor on the ground that payment of no-fault benefits was overdue. Thereafter, defendant moved for summary judgment. The parties entered into a stipulation of settlement adjourning the return date of defendant’s motion until December 16, 2005. The stipulation also provided that plaintiff was to serve its opposition papers by November 9, 2005 and defendant was to serve its reply papers by December 9, 2005. On December 13, 2005 plaintiff served defendant by mail with opposition papers and a cross motion for summary judgment. While a party may serve a cross motion at least three days prior to the time at which a motion is noticed to be heard (see CPLR 2215), where, as here, a party serves a cross motion by mail, an additional five days must be added (see CPLR 2103 [b] [2]; D'Aniello v T.E.H. Slopes, 301 AD2d 556 [2003]; Perez v Perez, 131 AD2d 451 *6 [1987]). A party’s failure to comply with CPLR 2215 may generally be excused in the absence of prejudice (see Walker v MetroNorth Commuter R.R., 11 AD3d 339 [2004]). In the case at bar, however, the lower court improvidently considered and granted plaintiffs cross motion for summary judgment since defendant was not afforded an opportunity to respond thereto (see Flannery v Goldsmith, 268 AD2d 267 [2000]). Likewise, the lower court improvidently exercised its discretion in accepting and considering plaintiff’s untimely opposition papers since the plaintiff failed to provide any excuse for its delay, and defendant was prejudiced by the court’s failure to allow defendant an opportunity to submit reply papers (see Mosheyeva v Distefano, 288 AD2d 448 [2001]; Risucci v Zeal Mgt. Corp., 258 AD2d 512 [1999]).
With regard to the merits of defendant’s motion for summary judgment, the affidavit of defendant’s no-fault examiner sufficiently established that defendant timely denied plaintiffs claims for the sums of $1,280.30 and $1,017 by setting forth in detail defendant’s office practice and procedure for the mailing of denial of claim forms (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). The aforementioned bills were denied on the ground that the fees charged were excessive and the supplies provided were not medically necessary based upon the attached affirmed peer review report. In its motion, defendant made out a prima facie case that the supplies provided in the aforementioned claims were not medically necessary. As a result, the burden shifted to plaintiff to establish the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Since, under the circumstances presented, plaintiff’s opposition papers should not have been considered by the court, plaintiff did not establish a triable issue of fact as to the aforementioned claims.
Further, the affidavit of defendant’s no-fault examiner established that defendant received plaintiffs claim for the sum of $726.75 on July 2, 2004. The no-fault examiner stated that defendant sent plaintiff a timely request for verification and, after receiving the requested verification, timely denied said claim. However, the record did not establish when the verification request pertaining to this claim was mailed (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006], supra). Defendant did not prove that its time to pay or deny the claim was tolled as a result of the alleged verification request such *7 that the denial of claim ultimately issued by defendant was timely. Consequently, defendant failed to sustain its burden of demonstrating its entitlement to judgment as a matter of law upon this claim. Accordingly, defendant’s motion for summary judgment should have been granted to the extent of awarding it partial summary judgment dismissing plaintiffs claims for the sums of $1,280.30 and $1,017.
Pesce, EJ., Golia and Belen, JJ., concur.