TEX DEVELOPMENT CO., LLC, Appellant-Respondent, v GREENWICH INSURANCE COMPANY, Respondent, STERN AGENCY, INC., et al., Respondents-Appellants, and ABDELLATIF BENHALIMA et al., as Administrators of the Estate of ABDELAAZIZ BADAOUI, Deceased, Appellants-Respondents. [858 NYS2d 682]—

In an action, inter alia, for a judgment declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Benhalima v Tex Development Co., LLC, pending in the Supreme

Court, Queens County, under index No. 7510/05, (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered April 12, 2007, as denied its cross motion for summary judgment on its first and second causes of action declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify it in the underlying action, (2) the defendants Abdellatif Benhalima and Mustapha Ben Ahmed Badaoui, as administrators of the estate of Abdelaaziz Badaoui, separately appeal, as limited by their brief, from so much of the same order as denied their motion, in effect, for summary judgment on their cross claim declaring that the defendant Greenwich Insurance Company is obligated to indemnify the plaintiff in the underlying action, and (3) the defendants Stern Agency, Inc., and Ken Stern cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action, and dismissing the remainder of the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the plaintiff's cross motion for summary judgment on its first and second causes of action declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify it in the underlying action, and substituting therefor a provision granting the cross motion, (2) deleting the provision thereof denying the motion of the defendants Abdellatif Benhalima and Mustapha Ben Ahmed Badaoui, as administrators of the estate of Abdelaaziz Badaoui, in effect, for summary judgment on their cross claim declaring that the defendant Greenwich Insurance Company is obligated to indemnify the plaintiff in the underlying action, and substituting therefor a provision granting the motion, and (3) deleting the provision thereof denying that branch of the cross motion of the defendants Stern Agency, Inc., and Ken Stern which was for summary judgment declaring that the defendant Greenwich Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the respondent to the plaintiff-appellant-respondent, the defendants-appellants-respondents, and the respondents-appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defen-

dant Greenwich Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled *Benhalima v Tex Development Co., LLC*, pending in the Supreme Court, Queens County, under index No. 7510/05.

On October 10, 2003, Abdelaaziz Badaoui (hereinafter the decedent) was killed in an accident while performing construction work on property owned by the plaintiff Tex Development Co., LLC (hereinafter Tex Development). Tex Development was insured under a commercial general liability insurance policy issued by the defendant Greenwich Insurance Company (hereinafter Greenwich). Tex Development procured that policy through its insurance broker, the defendant Stern Agency, Inc.

On October 13, 2003, Tex Development's representative notified the defendant Ken Stern, who was associated with Stern Agency, Inc., about the accident. Although Tex Development's representative asked Stern to notify Greenwich about the accident, Stern failed to do so.

On or about April 5, 2005, the defendants Abdellatif Benhalima and Mustapha Ben Ahmed Badaoui (hereinafter together the administrators), who were the administrators of the decedent's estate, commenced an action (hereinafter the underlying action) against Tex Development. Alleging that Tex Development was responsible for the accident, the administrators sought to recover damages for wrongful death.

On April 18, 2005, Tex Development notified Greenwich about the accident and the underlying action. Greenwich then conducted an investigation into "notice and liability issues."

On June 2, 2005, Greenwich disclaimed coverage on the ground that it had not been provided with timely notice of the accident. Indeed, Tex Development's insurance policy required it to notify Greenwich "as soon as practicable of an 'occurrence' or an offense which may result in a claim."

Tex Development then commenced this action against the defendants, seeking a judgment declaring that Greenwich was obligated to defend and indemnify it in the underlying action. Tex Development also sought damages from Stern Agency, Inc., and Stern (hereinafter together the Stern defendants) based on an allegedly negligent failure to provide notice of the accident to Greenwich.

Subsequently, Tex Development, the Stern defendants, and the administrators separately moved, inter alia, for summary judgment declaring that Greenwich was obligated to defend and indemnify the plaintiff in the underlying action. The Supreme Court denied the motions in their entirety. We modify.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer of coverage "as soon as is reasonably possible." An insurer's failure to provide notice of disclaimer as soon as is reasonably possible precludes effective disclaimer, even where the insured's own notice of the incident is untimely (*see Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 67 [2003]). The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 68-69).

On their respective motions, Tex Development, the Stern defendants, and the administrators demonstrated their entitlement to summary judgment declaring that Greenwich was obligated to defend and/or indemnify Tex Development in the underlying action. Tex Development, the Stern defendants, and the administrators established, prima facie, that under the circumstances, Greenwich failed to provide a written disclaimer of coverage as soon as reasonably possible (*see Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851, 852 [2007]). In response, Greenwich, which had the burden of explaining its delay in providing the written notice of disclaimer (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69), failed to raise a triable issue of fact.

The Stern defendants' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Greenwich is obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.