In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v DAWN STEIERT et al., Respondents. ERICH JOHN BOHN et al., Proposed Additional Respondents. [893 NYS2d 93]—

In this proceeding, the petitioner New York Central Mutual Fire Insurance Company (hereinafter NYCM) sought to permanently stay arbitration of a claim for supplemental underinsured/uninsured motorist (hereinafter SUM) benefits filed by the respondent Dawn Steiert, under a policy held by her mother. One ground upon which NYCM sought to stay the arbitration was that Steiert failed to comply with a requirement contained in the SUM policy endorsement that she first exhaust the limits of liability under all other insurance policies applicable at the time of the accident. After the accident, Steiert had made a claim for coverage from Kemper Auto and Home Insurance Company (hereinafter Kemper) under a policy held by the additional respondent Erich A. Bohn, the driver's grandfather, with whom he resided at the time of the accident. Kemper

disclaimed coverage based upon a policy exclusion, on the ground that the vehicle involved in the accident was provided to the driver, the proposed additional respondent Erich John Bohn, by his father, the proposed additional respondent Erich M. Bohn (who resided elsewhere), for his regular use. Steiert thereafter commenced a declaratory judgment action against Kemper challenging the disclaimer. By order dated March 22, 2004, the Supreme Court, Nassau County, awarded summary judgment to Kemper, declaring that it was not obligated to provide coverage for the accident. Notably, NYCM was not a party to that action. In the instant proceeding, in an order dated February 10, 2005, the Supreme Court found that the prior declaratory judgment action was determinative on the issue of whether Steiert had exhausted all available coverage, and thus any recovery on the SUM claim would not be barred by her failure to comply with the exhaustion requirement. That order was appealed to this Court, which held in *Matter of New York Cent. Mut. Fire Ins. Co. v Steiert* (43 AD3d 1065, 1067 [2007]), that NYCM was not collaterally estopped by the ruling in the prior declaratory judgment action, and therefore was entitled to litigate Kemper's disclaimer on the merits. A framed-issue hearing was then conducted on the issue of the validity of Kemper's disclaimer and the Supreme Court held that the disclaimer was not only timely, but that Kemper was under no duty to timely disclaim since the claim did not fall within the coverage terms of the liability policy. We now reverse and permanently stay arbitration of the SUM claim.

Contrary to the holding of the Supreme Court, since the basis for Kemper's disclaimer of coverage was a policy exclusion rather than a lack of coverage, it was under a duty to give notice of its disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]; *see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188-189 [2000]; *Handelsman v Sea Ins. Co.,* 85 NY2d 96 [1994]; *City of New York v St. Paul Fire & Mar. Ins. Co.,* 21 AD3d 978, 981 [2005]).

"The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Tex Dev. Co., LLC v Greenwich Ins. Co.,* 51 AD3d 775, 778 [2008]; *see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64, 68-69 [2003]). Here, Kemper acquired facts entitling it to disclaim after conducting examinations under oath of Erich A. Bohn and Erich John Bohn on January 2, 2002 triggering its duty to provide prompt notice pursuant to Insurance Law § 3420 (d) (*see Matter*

*of American Express Prop. Cas. Co. v Vinci,* 18 AD3d 655, 656 [2005]). Under these circumstances, Kemper's failure to disclaim coverage until February 27, 2002, for which no valid excuse was established, was unreasonable as a matter of law (*id.; see Moore v Ewing,* 9 AD3d 484, 488 [2004]; *Matter of Colonial Penn Ins. Co. v Pevzner,* 266 AD2d 391 [1999]).

Accordingly, the petition to permanently stay arbitration should have been granted. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.