■ MID CITY CONSTRUCTION CO., INC., Plaintiff, v SIRIUS AMERICA INSURANCE COMPANY, Appellant, et al., Defendants, and FINALY GENERAL CONTRACTING CORP., Also Known as FINALY GENERAL CONTRACTORS, INC., Respondent. [894 NYS2d 113]—

In an action, inter alia, for a judgment declaring that the defendant Sirius America Insurance Company is obligated to defend and indemnify the plaintiff, Mid City Construction Co., Inc., in an underlying action entitled *Levine v Colony Records & Radio Center, LLC,* pending in the Supreme Court, Kings County, under index No. 16009/05, that defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 5, 2008, which granted the motion of the defendant Finaly General Contracting Corp., also known as Finaly General Contractors, Inc., for summary judgment declaring that it is obligated to defend and indemnify the defendant Finaly General Contracting Corp., also known as Finaly General Contractors, Inc., in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Sirius America Insurance Company is obligated to defend and indemnify the defendant Finaly General Contracting Corp., also known as Finaly General Contractors, Inc., in the action entitled *Levine v Colony Records & Radio Center, LLC,* pending in the Supreme Court, Kings County, under index No. 16009/05.

The defendant Finaly General Contracting Corp., also known as Finaly General Contractors, Inc. (hereinafter Finaly), established its prima facie entitlement to judgment as a matter of law on its cross claim for declaratory relief against the defendant Sirius America Insurance Company (hereinafter Sirius) by demonstrating that Sirius did not disclaim coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]; *see*

*Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 452 [2008]). Finaly showed that Sirius had "sufficient knowledge of facts entitling it to disclaim" by June 10, 2005, at the latest, and that Sirius did not disclaim until August 3, 2005 (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). In opposition, Sirius failed to raise a triable issue of fact as to whether it sent an earlier disclaimer letter on June 21, 2005, by certified mail, return receipt requested (*see Rael Automatic Sprinkler Co., Inc. v Schaefer Agency*, 52 AD3d 670, 673 [2008]). "Generally, 'proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee' " (*New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006], quoting *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]). Sirius offered no evidence as to its standard office practices for mailing disclaimer letters, and the affidavit of a claims representative was insufficient to raise a triable issue of fact since he did not have personal knowledge of the mailing of the disclaimer letter (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d at 547; *Tracy v William Penn Life Ins. Co. of N.Y.*, 234 AD2d 745, 748 [1996]). The certified mail receipt, standing alone, was insufficient to raise a triable issue of fact as to actual mailing (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d at 548; *Matter of State Farm Mut. Auto. Ins. Co. [Kankam]*, 3 AD3d 418, 419 [2004]; *cf. Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 983 [2007]). Although issues of fact exist as to whether Finaly provided notice of an occurrence "as soon as practicable" (*M&N Mgt. Corp. v Nationwide Mut. Ins. Co.*, 307 AD2d 257, 258 [2003]), Sirius's "failure. to provide notice of disclaimer as soon as is reasonably possible precludes effective disclaimer, even where the insured's own notice of the incident is untimely" (*Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775, 778 [2008]; *see Osterreicher v Home Mut. Ins. Co. of Binghamton, N.Y.*, 272 AD2d 926, 927 [2000]).

Sirius's contention that Finaly's motion was premature is without merit.

Accordingly, the Supreme Court properly awarded summary judgment to Finaly on its cross claim against Sirius.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Sirius is obligated to

defend and indemnify Finaly in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.