■ BURLINGTON INSURANCE COMPANY, Appellant, v GALINDO & FERREIRA CORP., Respondent, et al., Defendants. [912 NYS2d 603]—

In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to defend or indemnify the defendant Galindo & Ferreira Corp. in an underlying action entitled *Public Adm'r of Suffolk County v Galindo & Ferreira Corp.*, commenced in the Supreme Court, Queens County, under index No. 24550/08, and that the plaintiff is only obligated to provide coverage up to a limit of $50,000 in an underlying action entitled *Pedro v Galindo & Ferreira Corp.*, commenced in the Supreme Court, Queens County, under index No. 22984/06, the plaintiff appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (Agate, J.), dated September 2, 2009, as granted that branch of the motion of the defendant Galindo & Ferreira Corp. which was for summary judgment declaring that the plaintiff is obligated to defend and indemnify it up to coverage limits of $1,000,000 in the underlying action entitled *Pedro v Galindo & Ferreira Corp.* and the underlying action entitled *Public Adm'r of Suffolk County v Galindo & Ferreira Corp.*, and denied that branch of the plaintiff's cross motion which was for summary judgment declaring that it is not obligated to defend or indemnify the defendant Galindo & Ferreira Corp. in the underlying action entitled *Public Adm'r of Suffolk County v Galindo & Ferreira Corp.* and that it is only obligated to provide coverage up to a limit of $50,000 in the underlying action entitled *Pedro v Galindo & Ferreira Corp.*, and (2) from so much of an order and interlocutory judgment (one paper) of the same court dated October 26, 2009, as, upon vacating the order dated September 2, 2009, granted the same relief, and, in effect, declared that the plaintiff is obligated to defend and indemnify the defendant Galindo & Ferreira Corp. up to the $1,000,000 limits of the subject insurance policy with respect to the underlying actions.

Ordered that the appeal from the order dated September 2, 2009, is dismissed as academic, as that order was vacated by the order and interlocutory judgment dated October 26, 2009; and it is further,

Ordered that the order and interlocutory judgment dated October 26, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Galindo & Ferreira Corp.

The defendant Galindo & Ferreira Corp. (hereinafter Galindo) established its prima facie entitlement to judgment as a matter of law declaring that the plaintiff was obligated to defend and indemnify it up to coverage limits of $1,000,000 in both underlying actions at issue by showing that, under the circumstances, the plaintiff insurer failed to provide a disclaimer of coverage as soon as reasonably possible (*see* Insurance Law § 3420 [d]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d 789 [2010]; *Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775 [2008]; *cf. Matter of New York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d 1120 [2009]). In response, the plaintiff, which had the burden of explaining its delay in providing the notice of disclaimer (*see Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775 [2008]), failed to raise a triable issue of fact (*id.*; *see Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d 789 [2010]).

Galindo's remaining contentions have been rendered academic in light of our determination. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.