█ SALVATORE BELLAVIA & FRANCHISED DISTRIBUTORS, INC., Respondents-Appellants, v SENECA INSURANCE COMPANY, INC., Appellant-Respondent. JEFFREY BERMAN et al., Proposed Intervenors. [913 NYS2d 272]—

In an action, inter alia, for a judgment declaring, in effect, that the defendant is obligated to defend and indemnify the plaintiffs and to reimburse the plaintiffs for all reasonable attorney's fees and disbursements incurred in the defense of an underlying action entitled *Berman v Bamonty Realty, LLC*, pending in the Supreme Court, Suffolk County, under index No. 26686/06, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 18, 2009, as denied its motion for summary judgment dismissing the complaint and declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that it

was so obligated, and the plaintiffs cross-appeal from stated portions of the same order which, among other things, in effect, denied that branch of their cross motion which was for summary judgment declaring that the defendant is obligated to reimburse them for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the plaintiffs' cross motion which was for summary judgment declaring that the defendant is obligated to reimburse them for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs payable by the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs and to reimburse the plaintiffs for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action.

The plaintiffs were insured by a comprehensive business liability insurance policy (hereinafter the policy) issued by the defendant. Among other things, the policy obligated the defendant to defend and indemnify the plaintiffs in claims or suits brought against them to recover damages for personal injuries and required the plaintiffs to notify the defendant "as soon as practicable" in the event of an occurrence.

On or about April 26, 2005, the plaintiffs notified the defendant of a personal injury claim against them arising from an occurrence on August 10, 2004. On June 21, 2005, the defendant disclaimed coverage on the ground that the plaintiffs had not notified it of the occurrence as soon as practicable. A personal injury action was commenced against the plaintiffs to recover damages allegedly arising from the occurrence (hereinafter the underlying action). The plaintiffs commenced this action seeking, among other things, a judgment declaring, in effect, that the defendant is obligated to defend and indemnify them and to reimburse them for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action.

The Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that the defendant is obligated to defend and indemnify them in the underlying action and properly denied the defendant's motion for summary judgment dismissing the complaint and declaring that it is not so obligated. Insurance

Law § 3420 (d) requires an insurer to provide a written disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]). An insurer's failure to provide notice of disclaimer as soon as is reasonably possible precludes it from disclaiming coverage, even where the insured's own notice of the incident is untimely (*see Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre,* 7 NY3d 772, 774 [2006]; *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64, 67 [2003]). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Tex Dev. Co., LLC v Greenwich Ins. Co.,* 51 AD3d 775, 778 [2008]; *see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d at 68-69; *Matter of New York Cent. Mut. Fire Ins. Co. v Steiert,* 68 AD3d 1120, 1121 [2009]).

Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law declaring that the defendant is obligated to defend and indemnify them in the underlying action by establishing that, under the circumstances, the defendant did not provide a written disclaimer of coverage as soon as reasonably possible (*see* Insurance Law § 3420 [d] [2]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.,* 70 AD3d 789, 789-790 [2010]; *Tex Dev. Co., LLC v Greenwich Ins. Co.,* 51 AD3d at 778). In opposition, the defendant, which had the burden of justifying its delay in providing the written notice of disclaimer (*see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d at 69), failed to raise a triable issue of fact.

Based on the foregoing, the Supreme Court also should have granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that the defendant is obligated to reimburse them for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action (*see New York City Hous. Auth. v Underwriters at Lloyd's, London,* 61 AD3d 726, 727-728 [2009]; *see also State Ins. Fund v American Hardware Mut. Ins. Co.,* 64 AD3d 581, 583 [2009]).

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs and to reimburse the plaintiffs for all reasonable attorney's fees and disbursements incurred in the defense of the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.