■ Scottsdale Insurance Company et al., Respondents, v Utica First Insurance Company, Appellant, et al., Defendant. [962 NYS2d 151]—

In an action, inter alia, for a judgment declaring that the de-

fendant Utica First Insurance Company is obligated to defend and indemnify the plaintiff Vasca Siding, Inc., in an underlying personal injury action entitled *Hernandez v Benjamin-Beechwood, LLC*, pending in the Supreme Court, Queens County, under Index No. 28490/07, the defendant Utica First Insurance Company appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered January 20, 2012, which granted the plaintiffs' motion for summary judgment declaring that it is obligated to defend and indemnify the plaintiff Vasca Siding, Inc., in the underlying personal injury action, and denied its cross motion for summary judgment, in effect, declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the plaintiff Vasca Siding, Inc., in an underlying personal injury action entitled *Hernandez v Benjamin-Beechwood, LLC*, pending in the Supreme Court, Queens County, under Index No. 28490/07.

The instant action arises out of an August 17, 2007, construction accident in which an employee of the defendant Sunburst Home Improvement, Inc. (hereinafter Sunburst), was injured at a construction site in Queens. Sunburst had been retained by the plaintiff Vasca Siding, Inc. (hereinafter Vasca), as a subcontractor to perform certain work at the premises.

The defendant Utica First Insurance Company (hereinafter Utica), which had issued an insurance policy to Sunburst, first received notice of the accident on August 31, 2007, from the owners of the premises. On September 11, 2007, Utica sent a letter to the attorney for the property owners disclaiming coverage. Subsequently, by letter dated December 28, 2007, Scottsdale Insurance Company (hereinafter Scottsdale), which insured Vasca, demanded that Utica defend and indemnify Vasca. However, Utica did not send a letter disclaiming coverage to Scottsdale until February 20, 2008.

Scottsdale and Vasca commenced the instant action seeking a judgment declaring that Vasca is entitled to coverage from Utica for the accident and the related underlying personal injury action, entitled *Hernandez v Benjamin-Beechwood, LLC*, and that Scottsdale is entitled to reimbursement from Utica for the costs it had already expended defending and indemnifying the claims asserted against Vasca in the underlying action. The Supreme Court granted the plaintiffs' motion for summary judgment on the complaint, implicitly finding that Utica failed to timely

disclaim coverage in response to Scottsdale's demand, and denied Utica's cross motion for summary judgment.

On appeal, Utica contends that its September 11, 2007, letter to the property owners disclaiming coverage effectively constituted a timely disclaimer to Vasca since Vasca had been named as a copy recipient of that letter. However, Utica's contention is not properly before this Court, as it was not raised before the Supreme Court.

Moreover, Utica's February 20, 2008, letter in response to Scottsdale's December 28, 2007, demand that Utica provide a defense and indemnification for Vasca did not constitute a timely disclaimer since Utica failed to provide any adequate explanation for the delay in responding, and since the grounds for disclaimer had been apparent to Utica since September 2007 at the latest (*see Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775, 778 [2008]; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661, 661 [2007]; *see also First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d 789, 790 [2010]). Thus, Utica failed to establish its prima facie entitlement to judgment as a matter of law. Moreover, the plaintiffs established their prima facie entitlement to judgment as a matter of law, and Utica failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment declaring that Utica is obligated to defend and indemnify Vasca in the underlying action, and properly denied Utica's cross motion.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Utica is obligated to defend and indemnify Vasca in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d at 790-791). Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.