■ Progressive Casualty Insurance Company et al., Respondents, v Metro Psychological Services, P.C., Appellant. [32 NYS3d 182]—

In an action for a judgment declaring that the plaintiffs are not obligated to pay certain no-fault insurance claims submitted by the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered May 9, 2014, which granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' motion for summary judgment on the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiffs commenced this action for a judgment declaring that they are not obligated to provide insurance coverage for any of the no-fault claims submitted to them by the defendant on the ground that the defendant failed to comply with conditions precedent to reimbursement under the no-fault laws and regulations and insurance laws of this state. After the defendant interposed its answer, the plaintiffs moved for summary judgment on the complaint. The plaintiffs argued, inter alia, that the defendant failed to comply with the provision of the insurance policy which required that the defendant submit to an examination under oath (hereinafter EUO), and therefore the plaintiffs were not obligated to provide insurance coverage for the no-fault claims submitted by the defendant. The defendant cross-moved for summary judgment dismissing the complaint, arguing, in effect, that the denial of claim letters issued by the plaintiffs were defective. The Supreme Court granted the plaintiffs' motion and denied the defendant's cross motion. The defendant appeals.

On appeal, the defendant contends, inter alia, that the plaintiffs' motion for summary judgment should have been

denied because the plaintiffs failed to establish, prima facie, that the letters scheduling the EUOs at issue were timely and properly mailed. Generally, "proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 114 AD3d 33, 46 [2013], *affd* 25 NY3d 498 [2015] [internal quotation marks omitted]; *see Matter of Rodriguez v Wing*, 251 AD2d 335 [1998]). " 'The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed' " (*New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006], quoting *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]; *see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 114 AD3d at 47). However, for the presumption to arise, the office practice must be geared so as to ensure the likelihood that the item is always properly addressed and mailed (*see Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]). "Denial of receipt by the insured[ ], standing alone, is insufficient to rebut the presumption" (*id.* at 829-830).

As the defendant correctly contends, the plaintiffs failed to establish, prima facie, that they timely and properly mailed the EUO letters to the defendant. The affirmation of the plaintiffs' counsel contained conclusory allegations regarding his office practice and procedure, and failed to establish that the practice and procedure was designed to ensure that the EUO letters were addressed to the proper party and properly mailed (*see Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc.*, 127 AD3d 1050, 1051-1052 [2015]; *Westchester Med. Ctr. v Countrywide Ins. Co.*, 45 AD3d 676, 676-677 [2007]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 548 [2006]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]).

Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of the timely and proper mailing of the EUO letters, their motion for summary judgment on the complaint should have been denied, regardless of the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721 [2006]).

The defendant's cross motion for summary judgment, however, was properly denied, as the defendant failed to establish, prima facie, that the denial of claim letters issued by the plaintiffs were conclusory, vague, or otherwise defective

(*see Westchester Med. Ctr. v Nationwide Mut. Ins. Co.*, 78 AD3d 1168, 1169 [2010]; *Megacure Acupuncture, P.C. v Clarendon Natl. Ins. Co.*, 33 Misc 3d 141[A], 2011 NY Slip Op 52199[U] [App Term, 2d Dept, 11th & 13th Jud Dists 2011]). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.