■ STEVEN MATSIL et al., Respondents, v UTICA FIRST INSUR-
ANCE COMPANY, Appellant, et al., Defendant. [55 NYS3d 304]—

In an action, inter alia, pursuant to Insurance Law § 3420
(a) (2) to recover proceeds under a liability insurance policy,
the defendant Utica First Insurance Company appeals from so
much of an order of the Supreme Court, Nassau County
(Brown, J.), entered January 12, 2016, as denied that branch
of its motion which was pursuant to CPLR 3211 (c) and 3001
for a judgment declaring that it had no duty to defend or
indemnify any party in connection with the injury-producing
accident.

Ordered that the order is affirmed insofar as appealed from,
with costs.

The plaintiff Steven Matsil (hereafter Matsil) was injured in
June 2014 when he fell from a ladder while working for the de-
fendant Brian Doris Home Improvements, Inc. (hereafter Brian
Doris). Matsil, and his wife suing derivatively, commenced a
personal injury action against Brian Doris and others.

It is undisputed that Brian Doris's insurer, the defendant

Utica First Insurance Company (hereinafter Utica First), received a notice of claim regarding Matsil's accident on or about July 8, 2014. Insofar as relevant to this appeal, Utica First contends that it promptly disclaimed coverage by letter dated July 10, 2014, addressed to Brian Doris, with a copy to Matsil's counsel.

After successfully moving for a default judgment against Brian Doris in the underlying personal injury action, Matsil and his wife commenced this action against Utica First and Brian Doris pursuant to Insurance Law § 3420, alleging, inter alia, that they did not receive the July 10, 2014, notice of disclaimer.

Utica First moved, inter alia, pursuant to CPLR 3211 (c) and 3001 for a judgment declaring that it had no duty to defend or indemnify any party in connection with Matsil's accident, based on the July 10, 2014, disclaimer letter. In support of its motion, Utica First attempted to show that it had a standard office practice in place in July 2014 for the mailing of disclaimer letters. The Supreme Court denied that branch of Utica First's motion, and we affirm.

"Generally, 'proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee'" (*New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006], quoting *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]; *see Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C.*, 139 AD3d 693, 694 [2016]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d 789, 790 [2010]). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]; *see Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d at 790). "[I]n order for the presumption to arise, office practice must be geared so as to ensure the likelihood that a notice . . . is always properly addressed and mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 830 [1978]).

Here, Utica First's submissions were insufficient to establish, prima facie, that the July 10, 2014, disclaimer letter was timely and properly mailed to Matsil's counsel (*see Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C.*, 139 AD3d at 694; *Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc.*, 127 AD3d 1050, 1051-1052 [2015]; *Mid City Constr. Co., Inc. v Sirius Am. Ins. Co.*, 70 AD3d at 790). Accordingly, the Supreme Court properly denied that branch of Utica First's motion which was pursuant to CPLR 3211 (c) and 3001. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.