Matter of Hunter v Brown-Ledbetter (2018 NY Slip Op 02784)





Matter of Hunter v Brown-Ledbetter


2018 NY Slip Op 02784


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-02750
 (Docket No. V-1706-16)

[*1]In the Matter of Desmond L. Hunter, respondent,
v
Crystal Brown-Ledbetter, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Andrew W. Szczesniak, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated February 10, 2017. The order, after a hearing, granted the father's petition for custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have one child in common, born in 2007. According to the testimony of the father and his wife, the father first became aware that the child was his daughter when she was five years old, and he had not been involved with the child for the first eight years of the child's life. When the mother contacted the father and his wife in September 2015, the father commenced a relationship with the child. In February 2016, the mother asked the father and his wife to accept custody of the child, and they did so. The father thereafter filed a petition for custody of the child.
The father was initially unable to serve his custody petition on the mother and the record demonstrated that she was deliberately evading service. In addition, although an attorney was appointed for the mother and notified her of the proceedings, she failed to appear in court and refused to disclose her location to her attorney. Given these circumstances, the Family Court authorized the father to serve the mother via certified mail, return receipt requested, plus regular mail, in keeping with CPLR 308(5). The father proffered an affidavit of service by mail and a return receipt card that appeared to have been signed by someone other than the mother. The court accepted this as proof of service and scheduled an inquest on the father's petition.
Prior to the commencement of the inquest, at which the mother again did not appear, the mother's attorney gave the Family Court Judge a copy of a complaint filed by the mother in federal court in Georgia naming the Judge, among others, as a defendant. The mother's attorney argued that the Judge should recuse herself. The Judge declined to do so, in part on the ground that she had not yet been served with process in the federal action. After the inquest, the Family Court granted the father's petition for custody of the child. The mother appeals.
Although the mother is correct that the father had the burden to demonstrate that he properly served her and that the Family Court had acquired jurisdiction over her (see Stewart v Volkswagen of Am., 81 NY2d 203, 207; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 786; Matter of H. v M., 47 AD3d 629, [*2]629-630), her claim that the father failed to meet that burden is without merit. The court providently exercised its discretion in authorizing the father to serve the mother via certified mail, return receipt requested, plus regular mail, in light of the evidence that the mother was deliberately evading service (see CPLR 308[5]; Safadjou v Mohammadi, 105 AD3d 1423, 1424; Matter of Kaila B., 64 AD3d 647, 648; LTD Trading Enters. v Vignatelli, 176 AD2d 571; Osserman v Osserman, 92 AD2d 932, 934). Likewise, the father met his burden of establishing service by proffering the return receipt and an affidavit of service by mailing, and the mother proffered no evidence rebutting this showing (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d at 717; Washington Mut. Bank v Huggins, 140 AD3d 858, 859; Rabinowitz v Rabinowitz, 137 AD3d 884, 885; Board of Mgrs. of Landings at Patchogue Condominium v 263 Riv. Ave. Corp., 243 AD2d 668, 669; see also Matsil v Utica First Ins. Co., 150 AD3d 982, 983; Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C., 139 AD3d 693, 694; Dune Deck Owners Corp. v JJ & P Assoc. Corp., 71 AD3d 1075, 1076-1077; Mid City Constr. Co., Inc. v Sirius Am. Ins. Co., 70 AD3d 789, 790; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547).
Judiciary Law § 14 provides that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding . . . in which . . . he [or she] is interested." " Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal'" (Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of the Vil. of Rockville Ctr., 153 AD3d 1394, 1397, quoting People v Moreno, 70 NY2d 403, 405; see Matter of Bianco v Bruce-Ross, 151 AD3d 716, 717; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856; Trimarco v Data Treasury Corp., 146 AD3d 1004, 1008). "[A] judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance" (Trimarco v Data Treasury Corp., 146 AD3d at 1008 [internal quotation marks omitted]; see Silber v Silber, 84 AD3d 931, 932; Robert Marini Bldr. v Rao, 263 AD2d 846, 848). Here, the Family Court Judge providently exercised her discretion in declining to recuse herself.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court