Bank of Am. v Guillaume (2019 NY Slip Op 00845)





Bank of Am. v Guillaume


2019 NY Slip Op 00845


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-04729
 (Index No. 505275/15)

[*1]Bank of America, respondent, 
v
Jean Friteau Guillaume, appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Davidson Fink, LLP, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jean Friteau Guillaume appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 22, 2018. The order denied her motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute.
ORDERED that the order is affirmed, with costs.
On April 30, 2015, the plaintiff commenced this action to foreclose a mortgage against the defendant Jean Friteau Guillaume (hereinafter the defendant) and other parties. Issue was joined by the defendant on or about July 10, 2015.
Thereafter, the defendant moved to dismiss the complaint insofar as asserted against her on the ground that the plaintiff failed to file a note of issue in response to a 90-day demand pursuant to CPLR 3216(b)(3). In opposition to the motion, the plaintiff's counsel denied receipt of the 90-day demand. The Supreme Court denied the motion, and the defendant appeals.
"CPLR 3216 is the general statutory authority for neglect-to-prosecute dismissals" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 502). Pursuant to CPLR 3216, a court may dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written demand requiring the plaintiff "to resume prosecution of the action and to serve and file a note of issue within [90] days after receipt of [the] demand," and also stating that the failure to comply with the demand will serve as a basis for a motion to dismiss the action.
Notably, the time within which the plaintiff must act runs from the receipt, and not the service of the demand (see Vasquez v City of New York, 5 AD3d 672; Kun Tiam Seow v Yu Dan Li, 1 AD3d 570, 571; 176-60 Union Turnpike v Klinger, 284 AD2d 380). Once the 90-day demand is received, "the plaintiff [is] required to comply with it by filing a note of issue or move before the default date to vacate the demand or extend the 90-day period" (Kushmakova v Meadow Park Rehabilitation & Health Care Ctr., LLC, 56 AD3d 434, 436; see CPLR 3216[c],[e]).
"Generally, proof that an item was properly mailed gives rise to a rebuttable [*2]presumption that the item was received by the addressee'" (New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 547, quoting Matter of Rodriguez v Wing, 251 AD2d 335, 336). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680). 
Contrary to the defendant's contention, she failed to establish that the 90-day demand was sent by certified mail and received by the plaintiff or anyone acting on its behalf. In his affirmation in support of the defendant's motion, the defendant's counsel asserted that on July 28, 2017, his office sent a 90-day demand to plaintiff's counsel by certified mail. However, the defendant's counsel does not state that he had personal knowledge of the mailing of the 90-day demand or describe his office's standard practices of mailing litigation papers to opposing counsel. Additionally, even though the certified mail receipt bears a postmark date of July 28, 2017, there was no evidence that the 90-day demand was mailed under that certified mail receipt number (see Mid City Constr. Co., Inc. v Sirius Am. Ins. Co., 70 AD3d 789, 790; New York & Presbyt. Hosp. Allstate Ins. Co., 29 AD3d at 547-548). Therefore, the defendant's submissions were insufficient to raise a presumption that the plaintiff received the 90-day demand. Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court