AVK RX Inc v Progressive Advanced Ins. Co. (2024 NY Slip Op 51521(U))

[*1]

AVK RX Inc v Progressive Advanced Ins. Co.

2024 NY Slip Op 51521(U)

Decided on November 8, 2024

Civil Court Of The City Of New York, Richmond County

Helbock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 8, 2024
Civil Court of the City of New York, Richmond County

AVK RX Inc As Assignee of Hassan Shuaib, Plaintiff,

against
Progressive Advanced Insurance Co., Defendant.

Index No. CV-750150-23/RI

Robert J. Helbock, Jr., J.

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this application:
Papers Numbered
Notice of Motion and Affirmation/Affidavit NYSCEF Doc#: 4-12
Affirmation in Opposition NYSCEF Doc#: 14
Affirmation in Reply NYSCEF Doc#: 15-16
Upon the foregoing cited papers, the decision on Defendant's Motion for Summary Judgment is as follows:
Plaintiff, AVK RX Inc. (hereinafter "Plaintiff") as assignee of Hassan Shauib (hereinafter "Assignor") commenced this action against the defendant, Progressive Advanced Insurance Co. (hereinafter "Defendant"), to recover assigned first-party No-Fault insurance benefits for medical treatment provided to the Assignor pursuant to an automobile insurance policy issued by the Defendant. 
Currently before the Court is Defendant's motion seeking an order pursuant to CPLR §3212 granting summary judgment on the grounds that the Assignor violated a condition precedent to coverage upon the failure to attend scheduled medical examinations. The Plaintiff filed timely opposition to the motion and the matter was argued before the Court.
In this instance, the summons and complaint allege the Defendant breached the automobile insurance contract by failing to pay for medical treatment rendered to the Assignor arising from injuries that occurred due to a motor vehicle accident. The defense to the claim is the Assignor allegedly did not attend two duly scheduled independent medical exams (hereafter referred to as IME), which is a condition precedent to paying the claims. For the Defendant to [*2]prevail with the defense, it must demonstrate the policyholder/assignor was properly notified of the examinations and failed to attend.
The Plaintiff opposes the Defendant's summary judgment motion alleging, inter alia, the Defendant has failed to meet its burden of proof to receive summary judgment by failing to demonstrate the IME notices were properly and timely mailed. In particular, the Plaintiff contends the affidavit of Ms. Tracy Simpson is not sufficient to meet the Defendant's burden of proof of mailing.
The issue of what constitutes a party's burden of proof of mailing for a summary judgment motion has been addressed by the Court in numerous cases. The Supreme Court, Appellate Division ruled in the matter of Progressive Cas. Ins. Co. v. Metro Psychological Services, P.C.:
"Generally, 'Proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee' (Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co., 114 AD3d 33, at P. 46, 977 N.Y.S.2d 292, affd. 25 NY3d 498). 'The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed.' (Citing New York & Presbyt. Hosp. v. Allstate Inc. Co., 29 AD3d 547, quoting Residential Holding Corp. v. Scottsdale Ins. Co., 286 AD2d 679, 680.) 'However, for the presumption to arise the office practice must be geared so as to ensure the likelihood that the item is always properly addressed and mailed. See Nassau Ins. Co. v. Murray, 46 N.Y.S.2d 828 (Court of Appeals, 1978).' Progressive Cas. Ins. Co. v. Metro Psychological Services, P.C., 139 AD3d 693 (Sup. Ct, App. Div., 2nd Dept., May 4, 2016).
In this matter, the Defendant offers the affidavit of Ms. Tracy Simpson, a Manager at ExamWorks, Inc., as evidence that the notice of the IME was properly addressed and mailed to the assignor/examinee. ExamWorks Inc. is a third-party vendor that schedules the IME's, notifies the examinee, and provides the resulting doctor's report on behalf of the Defendant. In her affidavit, Ms. Simpson does describe actual knowledge of the mailing of the notices for the IME to the Assignor. The Defendant offers Ms. Simpson's affidavit to show the standard office practice or procedure to address and mail the vendor's notices. The affidavit states that in the vendor's regular course of business the Defendant requests a medical examination (although she does not state who receives the request), the vendor's set up department enters the information provided by the Defendant, the scheduling department schedules the IME appointment, the data entry department enters the assignor/examinee's address and prints the letter notifying the examinee of the appointment information, then transmits the document to the mailing department, which puts postage on the envelope and delivers the envelope to the U.S. Postal Service daily. Ms. Simpson also acknowledges it is her duty to ensure compliance with that process.
The Defendant alleges that this affidavit sufficiently proves the process or procedure used to properly address and mail the notice of the IME.
However, Ms. Simpson's affidavit does not make any statement that she satisfied her duty to ensure compliance with the process, nor does she describe any steps taken to ensure the notice was addressed and mailed properly. For example, Ms. Simpson does not describe any audit, inventory, supervision, or investigation of the mail for that day to determine the process and [*3]procedures were compliant. Without any actual notice of the addressing and mailing of the notice of IME, this affidavit falls short of the "ensuring the likelihood that the item is always properly addressed and mailed." (Nassau Ins. Co. v. Murray, 46 N.Y.S.2d 828 [Court of Appeals, 1978]).
If the affidavit of Ms. Simpson does not prove the procedure or process is designed to ensure the items are properly addressed or mailed, then the Defendant can still prove the mailing of the IME notice by providing a business record to meet its burden of proof.
Attached to Ms. Simpson's affidavit as exhibits, the Defendant offers the copies of the letters addressed to the Assignor evidencing the notice of the IME. Since the Plaintiff did not raise any issue of admissibility of the records in their opposition to the motion, the Court will not examine their admissibility. (Rosenblatt v. St. George Health & Racquetball Assoc., LLC, 119 AD3d 45 [2d Dept 2014]).
However, the Defendant did not offer any business record evidencing the mailing of the documents, such as a U.S. Postal Service receipt or an inventory of the outgoing mail. Therefore, Ms. Simpson's affidavit is unsatisfactory for that purpose. "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted." (Bank of NY Mellon v. Gordon, 171 AD3d 197 [2d Dept 2019]).
Without proving a standard office practice or procedure designed to ensure that items are properly addressed and mailed or providing a business record evidencing the mailing of the document, the Defendant has failed to meet its burden of proof for summary judgment. Therefore, the Court finds there is an issue of fact for trial regarding whether the notices for the IME were properly addressed and mailed by the Defendant.
The Plaintiff also opposed the Defendant's motion on the grounds that the affidavit of the Defendant's claims examiner, Cynthia Morges, failed to prove the denial of the claim (NF-10) was timely issued, that the Defendant failed to act diligently, the Defendant failed to attach a copy of the policy at issue, and failed to demonstrate the IME was necessary. Given the Defendant's failure to meet its first burden of proof, the Court does not address the Plaintiff's other opposing arguments and leaves them to the Plaintiff to raise at trial if it shall so choose.
Accordingly, the Defendant's summary judgment motion is DENIED.
Furthermore, the Plaintiff did not oppose the Defendant's summary judgment motion on the grounds there was any outstanding discovery. Therefore, the Plaintiff is ordered to file the Notice of Trial within sixty (60) days of the date of this decision.
This is the decision and order of the Court.
Date: November 8, 2024
Staten Island, New York
Hon. Robert J. Helbock, Jr.
Judge, NYC Civil Court